### BATTEY v. KNIGHT.

CHATTEL MORTGAGE—EQUITY—FRAUD.—Sale of personal property by son of owner under chattel mortgage, as assignee, advertised at instance of father and son; bought by son, likely with money furnished by father, after negotiations between father and holder of junior mortgage as to extension of time, property remaining in same location, set aside as fraudulent and void, at instance of junior mortgagee, and amount paid by son for first mortgage required to be applied by son to amount due him by his father.

Before GAGE, J., Laurens, October, 1901.   Modified.

Action by Geo. M. Battey against B. E. Knight, A. L. Ballentine, Wm. B. Knight and Jno. A. Ballentine.   From Circuit decree plaintiff appeals on the following exceptions:

"I. Because his Honor erred in not sustaining plaintiff's fifth exception to the report of L. W. Simkins, special referee, which exception was as follows: 'Because the referee erred in holding that the tender made by Geo. M. Battey to W. B. Knight and John A. Ballentine did not divest them of title to the property, and in not holding that said tender destroyed the lien of the Sullivan Hardware Company mortgage.'

"II. Because his Honor erred in not holding that the tender made by George M. Battey to W. B. Knight and John A. Ballentine destroyed the lien of the Sullivan Hardware Company mortgage.

"III. Because his Honor erred in directing that the sum of $33 and interest be paid to W. B. Knight and John A. Ballentine or their attorneys out of the proceeds arising from the sale of the said engine and boiler, when it appeared that the lien of the Sullivan Hardware Company mortgage had been discharged by tender of the amount due thereon."

The defendants appealed on the following exceptions :

"I. Because his Honor erred in sustaining plaintiff's exceptions to referee's report declaring the sale of the engine and boiler under the Sullivan Hardware Company null and void, and in ordering a sale of the said property.

"II. He erred in finding that defendants, W. B. Knight and John A. Ballentine, knew of plaintiff's mortgage, and that the sale that they made under the Sullivan Hardware Company's mortgage was at the instance of B. E. Knight, and said sale was made with intent to defeat plaintiff's mortgage, and was null and void.

"III. He erred in holding that B. E. Knight had anything to do with said sale except as an agent of W. B. Knight and J. A. Ballentine in writing out and posting notice of sale; and he erred in not holding that B. E. Knight's connection with said sale was open and nothing more than he had a right to do.

"IV. Because he erred in not holding that the sale of the engine and boiler under the Sullivan Hardware Company's mortgage by W. B. Knight and J. A. Ballentine was in accord with the terms of said mortgage after giving public notice as required by the said mortgage, and the property purchased by them thereunder was free from the lien of the plaintiff's mortgage, and that W. B. Knight and J. A. Ballentine were not bound by intent or knowledge of their codefendant, B. E. Knight.

"V. Because no law required W. B. Knight and J. A. Ballentine to give actual notice to the plaintiff or his attorney of their intended sale of the property under the Sullivan Hardware Company's mortgage.

"VI. Because the plaintiff is barred by his laches in now seeking to set aside a sale of the property under a valid mortgage after legal advertisement, after he had actual and constructive notice of the Sullivan Hardware Company mortgage and its terms.

"VII. Because he should have found that W. B. Knight and J. A. Ballentine were the legal holders for value of the

Sullivan Hardware Company's mortgage and note, and had a right to advertise and sell and purchase the property contained therein, and that they advertised the property as required by the mortgage, and that they were *bona fide* purchasers of the same, and that their title could not be affected by plaintiff's claim under his second mortgage."

Mr. W. R. Richey, for plaintiff, cites: *Notice of sale not that required by statute:* Rev. St., 2462. *Plaintiff's tender satisfies first mortgage:* 21 St., 7; 26 S. C., 337.

Mr. F. P. McGowan, for defendants, cites: *Property properly sold under chattel mortgage assigned:* Rev. St., 2462; 20 S. C., 17. *There is no fraud in the purchaser, same being bona fide and without notice:* 2 Hill Ch., 622.

April 20, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The questions here presented for consideration are those exceptions presented on the one hand by the plaintiff to the decree pronounced by his Honor, Judge Gage, and on the other hand by those of the defendant to the same decree. A brief statement of facts may not be amiss. It seems that in the year 1893, the defendants, B. E. Knight and A. L. Ballentine, for value gave a mortgage of certain personal property, to wit: an engine and boiler, to the Sullivan Hardware Company to secure their indebtedness to the same, which said indebtedness was all paid except the sum of $33 on the 5th day of December, 1898, at which date it (the chattel mortgage) was assigned to the defendants, William B. Knight and John A. Ballentine, upon the payment of the sum of $33.. That on the 27th of January, 1898, the defendants, B. E. Knight and A. L. Ballentine, executed four notes, each for $121.46, unto the plaintiff, George M. Battey, and to secure said four notes executed their chattel mortgage to said George M. Battey on the articles of property already mortaged by them to the Sulli-

van Hardware Company, along with other personal property not included in Sullivan Hardware Company's mortgage. Both of said chattel mortgages were duly recorded in the office of the register of mesne conveyance for Laurens County, wherein all of the defendants resided. That the said B. E. Knight and A. L. Ballentine failed to pay in full their indebtedness to George M. Battey, and the condition of said chattel mortgage was broken. In November, 1899, W. R. Richey, Esq., as the attorney for said George M. Battey, wrote to said B. E. Knight and A. L. Ballentine that the claims of plaintiff, Battey, were in his hands for collection. On the 5th day of December, 1899, the said B. E. Knight came to the law office of W. R. Richey, Esq., and asked sixty days extension of time in which to pay Battey's debt, and W. R. Richey, Esq., agreed to do so, if his client, Battey, would so authorize, which the latter did by letter. On the same 5th December, 1899, the defendant, B. E. Knight, went with his son and codefendant, William B. Knight, to the office of George S. McCravey, who was the sheriff of Laurens County, and at their request said McCravey prepared a notice of the foreclosure of the Sullivan Hardware Company's mortgage, of which William B. Knight and John A. Ballentine claimed to be assignees, on the 12th December, 1899, and copies of the notice of said foreclosure was posted at three public places in the upper part of Laurens County, but none of such notices were posted on the court house door at Laurens, S. C. On the 12th December, 1899, a sale of said personal property included in the Sullivan Hardware Company's mortgage was made and purchased at the price of $30 by the said William B. Knight and John A. Ballentine. The property so purchased was left under the gin house of B. E. Knight ever since the sale just as it was before the sale. William R. Richey, Esq., as agent of the plaintiff, Battey, after the expiration of the sixty days immediately following the 5th December, 1899, to wit: in March, 1900, and after due advertisement of the property, tried to sell said engine and boiler, but to his surprise was forbidden

to make such sale by William R. Knight and John A. Ballentine, upon the ground that they had purchased the same engine and boiler at the price of $30 at their sale, as assignees of Sullivan Hardware Company's mortgage, on the 12th December, 1899. An offer was made by the plaintiff to buy their debt under the Sullivan Hardware Company's mortgage, which offer was refused. So the said George M. Battey brought his action on the equity side of the Court of Common Pleas for Laurens County, in this State, against the defendants, B. E. Knight, A. H. Ballentine, William B. Knight and John A. Ballentine: 1st. To recover judgment on his debt against B. E. Knight and A. L. Ballentine on the four notes they had executed to the plaintiff on the 27th January, 1898. 2d. To foreclose the chattel mortgage given by those defendants to Battey to secure their four notes aforesaid. 3d. To set aside the sale of the engine and boiler on the 12th December, 1899, by the defendants, William B. Knight and John A. Ballentine, under the Sullivan Hardware Company's chattel mortgage, on the grounds: (a) that there was a fraudulent collusion between the four defendants to make the sale on the 12th December, 1899, in order to defeat plaintiff's mortgage on said property; (b) that the Sullivan mortgage was not a valid debt in the hands of the two defendants, W. B. Knight and John A. Ballentine, because the $33 paid for them was money advanced by B. E. Knight and A. L. Ballentine to their two sons for that purchase, and the debt secured by said Sullivan Hardware Company's mortgage was paid at the time of said sale; (c) that said boiler and engine was liable to be sold to pay Battey's debt and costs; (d) that the defendants, William B. Knight and John A. Ballentine, be enjoined from selling, or disposing of, or in any manner interfering with the said boiler and engine; and (e) that plaintiff have such other and further relief as may be just and equitable. Judge Buchanan passed an order providing an injunction as prayed for pending the suit. Under an order of reference, testimony was offered by both sides to the controversy before

L. W. Simkins, Esq., as referee, who made his report to the Court. On exceptions to said report the case came on to be heard before his Honor, Judge Gage, who decreed in part as follows:

"I agree with the referee as to the amount found by him to be due by the defendants, B. E. Knight and A. L. Ballentine, to the plaintiff, but I cannot agree with the referee in finding and holding that the sale by William B. Knight and John A. Ballentine under the Sullivan Hardware Company mortgage was valid and should stand. I am satisfied from the testimony that William B. Knight and John A. Ballentine knew of the plaintiff's mortgage, and that the sale made by them was at the time it was, and in the manner it was, at the instance of the defendant, B. E. Knight, and was an attempt on the part of the said defendants to defeat the lien of the plaintiff's mortgage, and the said sale should be set aside.

"The plaintiff is entitled to have his mortgage foreclosed. The property should be sold under the order of this Court, and after payment of the plaintiff's costs of this action, the proceeds should be applied to the payment of the amount due William B. Knight and John A. Ballentine on the Sullivan Hardware Company mortgage, which amount is $33, and the balance, or so much as may be necessary, should be applied to the payment of the indebtedness of B. E. Knight and A. L. Ballentine to the plaintiff. The temporary injunction should be made perpetual. It is, therefore, ordered, adjudged and decreed, that the defendants' exceptions to the referee's report be, and they are hereby, overruled, and the plaintiff's exceptions inconsistent herewith are also overruled, and such exceptions of the plaintiff as are consistent herewith are sustained.

"It is further ordered, adjudged and decreed, that the plaintiff have judgment against the defendants, B. E. Knight and A. L. Ballentine, for the sum of $198.95, and for $15.89 attorney's fees."

Then follows the appropriate orders for sale and injunc-

tion. We will now consider the plaintiff's exceptions, which together with defendants' will be reported.

1. We do not think it is material to consider the question as to the tender of the money, sufficient to pay off the balance due under the mortgage of Sullivan Hardware Company; since the Circuit Judge decided that such mortgage was no longer a subsisting encumbrance, we do not see what force there is now in this exception.

2. And this the second exception is without force in view of the Circuit Judge's decree.

3. We think his Honor, the Circuit Judge, erred when he required that $33, the amount paid by W. B. Knight and John A. Ballentine for the Sullivan Hardware Company's mortgage, should be paid to them out of the proceeds of sale of the engine and boiler. These young men, as the testimony shows, had rented the engine and boiler from their respective fathers, B. E. Knight and A. L. Ballentine, who owed the $33 on the Sullivan Hardware Company's debt and mortgage, and were to pay them one-half of the toll they received for ginning cotton. These young men owed their fathers this money on the 5th-12th December, 1899, when they attempted to foreclose this mortgage. A mortgage is nothing but an incident of the debt—it is but a pledge of property to secure a debt. When the debt is paid, the mortgage dies a natural death. It has, therefore, lost all validity and vitality. These young men saw their dilemma—hence they said they did not apply what they owed their fathers in payment of what their fathers owed them. It seems to us that the reason they gave for this— the necessitous circumstances of their fathers—would have, or might have, done very well if the plaintiff, Battey, had not had an equity to force them to apply what they owed B. E. Knight and A. L. Ballentine to the payment of what B. E. Knight and A. L. Ballentine owed them. Besides these considerations, we doubt very seriously if B. E. Knight and A. L. Ballentine did not furnish the money to these young men to take up the Sullivan Hardware Company mortgage.

8—66

If the other part of the scheme for the sale was fraudulent, this was also. It was part and parcel of the scheme. This exception is sustained.

Now let us examine the defendants' exceptions.

1. An examination of the testimony convinces us that the Circuit Judge made no mistake when he declared that the sale of the engine and boiler under the Sullivan Hardware Company's mortgage was null and void. The trickery of the defendants was too transparent. The parties were too close together when the extension of sixty days was given by Mr. Richey, as the attorney for the plaintiff, Battey; they were too close together while in the sheriff's office conjuring up the notices of the sale; it was too apparent that the "wicked were fleeing where no man was pursuing;" it was Mr. B. E. Knight who wrote out the notices and posted them; there was nothing due on the Sullivan Hardware Company's mortgage; the price paid, $30, was too small when property worth certainly $125, and may be worth $350, was sold for that amount. Transactions between persons so closely related by blood, by residence and by business association, are closely scrutinized in a court of equity. This exception is overruled.

2. The reasons advanced in our notice of the first exception, cause us to overrule this exception also.

3. The Circuit Judge certainly did not err as to the connection of B. E. Knight with the sale attempted to be made on the 12th December, 1899. It really seems under the testimony that he ruled and controlled the whole matter. This exception is overruled.

4. There is no question that the Sullivan Hardware Company's mortgage was originally superior as a lien over Battey's mortgages; we do know what the terms of that mortgage were as to the notice of sale, but certain it is that the notices of sale were not in accordance with the requirements of section 3004 of the Code of Laws of this State (1902). We have not been shown to the contrary, but we do not base our decision upon this matter. The difficulty in

this sale lies in the very questionable methods adopted in procuring it. This exception is overruled.

5. Yes, no law required the defendant to give Mr. Richey or Mr. Battey notice of this intended sale; but no law permits parties to combine and confederate to prevent his receiving notice. This exception is overruled.

6. We do not understand the plaintiff to be endeavoring to set aside a valid sale. It is just the contrary. He says to the Court, in equity and good conscience the sale made on the 12th December was an invalid sale, and in this conclusion we agree with him. This exception is overruled.

7. For the reasons we have already given we cannot assent to the views embodied in the seventh exception, and it is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, except as modified herein, and that the action be remitted to the Circuit Court to enforce the decree as modified by this Court.